UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY D. HOGAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-783-JD-MGG |
| | ) |
| WARDEN, | ) |
| | ) |
| Respondent. | ) |

OPINION AND ORDER

Anthony D. Hogan, a prisoner without a lawyer, filed a habeas corpus petition challenging a disciplinary hearing in case ISP 17-05-255 held at the Indiana State Prison on May 25, 2017. The Disciplinary Hearing Officer (DHO) found Hogan guilty of possession or use of a controlled substance in violation of Indiana Department of Correction (IDOC) Policy B-202 after a prison official confiscated a brown or reddish substance found in his cell. Hogan was sanctioned with the loss of 30 days earned credit time and a demotion in credit class, which had previously been suspended. *Id*.

On July 3, 2018, after reviewing the petition and administrative record, the court ordered the Warden to file supplemental briefing providing evidence or an opinion about what substance prison officials thought the brown or reddish substance was and what illegal drug or substance they thought the brown or reddish substance looked like. ECF 15 at 2. On July 25, 2018, the Warden filed a supplemental response explaining that the brown or reddish substance was made to imitate synthetic cannabinoids, which is

commonly referred to as K2 or spice. ECF 16 at 1. The following day, Hogan filed a motion in opposition to the supplemental briefing objecting to the Warden providing "retroactive 'evidence or [an] opinion'" as to the nature of the brown or reddish substance. ECF 17 at 3-4. In his motion, he argues the Warden's retroactive evidence or opinion "cannot substitute for 'evidence'" that was not before the DHO at the time of the hearing or included in the administrative record. *Id*. at 3-4. Thus, according to Hogan, the violation of his due process rights cannot now be rectified by the Warden's submission of retroactive or new evidence regarding the nature of the substance found in his cell. *Id*. at 4.

Contrary to Hogan's assertion, the Warden's supplemental response does not constitute new evidence. In this case, the court ordered supplemental briefing for the purpose of evaluating whether the DHO had sufficient evidence to find Hogan guilty of offense B-202. In other words, the Warden's supplemental explanation about the nature of the substance was necessary to aid the court in determining if the DHO's decision was arbitrary or unreasonable given the facts in this case. While prison officials should have told Hogan what they thought the brown or reddish substance was or looked like, it was not improper for the court to ask for information to supplement the record in order to appropriately consider and assess the DHO's reasoning in this case. Therefore, Hogan's motion in opposition to supplemental briefing (ECF 17) will be denied.

Turning to the merits of Hogan's petition, the Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary

hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the guilty finding. *Superintendent, Mass Corr Inst. v. Hill*, 472 U.S. 445, 455 (1985). In his petition, Hogan argues there are two grounds which entitle him to habeas corpus relief.

In ground one, Hogan asserts that the DHO did not have sufficient evidence to find him guilty. ECF 1 at 2-3. Here, Hogan asserts that there was no evidence provided during his screening or at the hearing as to the "nature of the substance" found in his cell. *Id*. at 3. In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long

> as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Here, Hogan was found guilty of violating IDOC offense B-202 which prohibits inmates from "[p]ossession or use of any unauthorized substance controlled pursuant to the laws of the State of Indiana or the United States Code or possession of drug paraphernalia." Indiana Department of Correction, Adult Disciplinary Process: Appendix I. http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_ 6-1-2015(1).pdf. On July 26, 2016, the IDOC issued Executive Directive # 16-40, which revised Appendix I-Offenses of Policy and Administrative Procedure 02-04-101, "The Disciplinary Code for Adult Offenders." ECF 8-11 at 1. Specifically, Executive Directive # 16-40 redefined offense B-202 to include: "possession/use of a synthetic drug, or drug lookalike." *Id*. Furthermore, Indiana State law prohibits possession of any synthetic or lookalike drug. Ind. Code § 35-48-4-11.5.

The Conduct Report charged Hogan as follows:

> On 5-18-17 at approximately 9:40 pm during a routine shakedown of 110E cell in C cell house which houses offender Hogan #875553 I Officer Justison found a piece of paper folded up on top of his television containing a small amount of brown/reddish substance.

ECF 8-1 at 1.

In assessing the evidence, the DHO determined there was sufficient evidence in the record to find Hogan guilty of possession or use of a controlled substance in violation of offense B-202. A conduct report alone can be enough to support a finding of guilt. *McPherson*, 188 F.3d at 786. Such is the case here. In the conduct report, Officer Justison detailed his first-hand knowledge of the discovery of a brown or reddish substance found in a folded up piece of paper on the top of Hogan's television in his cell. ECF 8-1 at 1. The brown or reddish substance was confiscated because it was made to imitate synthetic cannabinoids, which is commonly referred to as K2 or spice. ECF 16 at 1. Subsequent field testing of the substance indicated it was a "look-a-like" substance, rather than a controlled substance. ECF 8-4 at 1. Photographic evidence further corroborated that the substance found in Hogan's cell was a "look-a-like" substance. ECF 8-3 at 1-4.

The DHO determined the brown or reddish substance met the definition of a "look-a-like" substance as defined in the Indiana Code. *See* Ind. Code § 35-48-4-4.5. ECF 8-7 at 1-2. In reaching this conclusion, the DHO appropriately considered the "look-a-like" substance itself, test results, and photographic evidence in assessing the sufficiency of the evidence. Notably, Hogan does not dispute that he possessed the "look-a-like" substance that appeared to be an illegal drug. Because the brown or reddish substance looked like and was consistent with K-2 or spice, it was neither arbitrary nor unreasonable for the DHO to find Hogan guilty. Therefore, this first ground does not identify a basis for habeas corpus relief. *See Hall v. Superintendent*, No.

3:14-CV-1929, 2015 WL 5081409, at *1 (N.D. Ind. Aug. 27, 2015) (denying petition where offender possessed a green, leafy substance that looked like an illegal drug).

In his second ground, Hogan argues his due process rights were violated because he was denied an impartial hearing. ECF 2 at 2-4. Here, he claims the DHO was biased against him because there was insufficient evidence to support the charged offense. *Id*. In the prison disciplinary context, adjudicators are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id*. However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id*.

The court's review of the record indicates that there is no competent evidence to support Hogan's contention that the DHO was biased against him. Here, Hogan has not shown that the DHO was directly or otherwise substantially involved in the factual events underlying the disciplinary charges, or the investigation of the incident. *Piggie*, 342 F.3d at 666. Furthermore, as discussed, the DHO thoroughly considered the record evidence and found there was sufficient evidence to find Hogan guilty because the substance confiscated by Officer Justison looked like K2 or spice. Therefore, Hogan's second ground does not state a basis for habeas corpus relief.

If Hogan wants to appeal this order, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because pursuant to 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Anthony D. Hogan's petition for writ of habeas corpus (ECF 1) is DENIED and his motion in opposition to supplemental briefing (ECF 17) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on September 19, 2018

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT